# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE



U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

November 29, 2018

**VIA ELECTRONIC FILING**

Matthew P. Phelps
The United States Attorney's Office
36 S. Charles Street
4th Floor
Baltimore, MD 21202

Casandra Elliott
9500 Pamelia Place
Fort Washington, MD 20744
PRO SE

Re:   *United States of America v. Elliott,* Civil Action No. 8:17-cv-02832-TDC

Dear Parties:

    A copy of the "Report and Recommendations" rendered in the above-captioned case is attached. Any objections you wish to make thereto must be made **in writing and within 14 days** pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

    After the time for filing written objections has expired, Judge Paul W. Grimm will review the "Report and Recommendations" regardless of whether you have filed written objections to it. If you should fail to file written objections within the time set forth above (or within the time of any extension specifically granted by the Court) and Judge Grimm subsequently adopts the Report and Recommendations, you will have lost your right to appeal the findings and conclusions set forth therein to the United States Court of Appeals for the Fourth Circuit, except upon grounds of plain error.

Very truly yours,

/s/
Gina L. Simms
United States Magistrate Judge

Attachment

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * Civil Action No.: 17-02832-TDC |
| CASANDRA ELLIOTT, | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses the Motion for Default Judgment and Summary Judgment (the "Motion"), filed by the United States of America ("Plaintiff") on July 5, 2018. (ECF No. 9).

Pursuant to 28 U.S.C. § 636 and L.R 301, the Honorable Theodore D. Chuang referred this matter to the undersigned to author a report and make recommendations concerning default judgment and/or damages. I believe that the issues have been fully briefed and do not believe an additional hearing is necessary. L.R. 105.6. As set forth more fully below, I ultimately recommend that the Court **GRANT** Plaintiff's Motion.

### I. Factual Background and Procedural Background

The facts, as set forth in Plaintiff's Motion, are that on December 21, 2000, Casandra Elliott ("Defendant" or "Ms. Elliott") completed an Application and executed a Promissory Note for a Federal Direct Consolidation Loan ("Note") through the William D. Ford Federal Direct Loan Program. (ECF No. 13). The Defendant sought consolidation of multiple outstanding

loans. (*Id.*). By executing the Application and Note, Defendant authorized the U.S. Department of Education ("the Government" or "Plaintiff") to pay off the loan balances, and promised to repay the Government. (ECF No. 1-3). In addition, the Defendant acknowledged that the "amount [of the disbursement] may be more or less than the estimated total balance I have indicated," but that "the amount of this loan will equal the sum of the amount(s) that the holder(s) of the loan(s) verified as the payoff balance(s) on that loan(s) selected for consolidation." (*Id.*). Defendant further acknowledged that the failure to pay the payments as they came due would result in liability to pay "collection costs including but not limited to attorney's fees and court costs." (*Id.*).

On January 25, 2001, the Government disbursed the loaned funds, in the amount of $17,577.01, 8% interest per annum, to the Defendant. (ECF No 9-3, p.2).

On September 22, 2017, Plaintiff filed a Complaint against the Defendant. (ECF No. 1). Plaintiff asserted that the Government had not received any loan repayments from the Defendant, and that on July 16, 2013, the Defendant defaulted on the loan. (ECF No. 1-4). Plaintiff sought an award in the amount of $38,912.84[1] "plus interest thereafter on the principal at $6.35 per day until the date of judgment." (ECF No.1-4). On September 25, 2017, a summons was issued for Plaintiff. (ECF No. 2).

On December 18, 2017, Defendant was personally served with the summons and Complaint. (ECF No. 4). The summons notified Defendant that she had 21 days from the date of service to file an Answer or otherwise respond to the Complaint. (*Id.*). On February 8, 2018, Plaintiff filed a "Request for Entry of Default," asserting that the Defendant failed to plead or

---

[1] This total is comprised of $28,998.26 in principal and interest in the amount of $9,914.58, as of July 30, 2016. (ECF No. 1-4).

otherwise defend. (ECF No. 7). On February 8, 2018, the Clerk of the Court entered default against Defendant for want of an answer or other defense. (ECF Nos. 8).

On July 5, 2018, Plaintiff filed its Motion for Default Judgment and Summary Judgment, as well as its memorandum in support thereto. (ECF No. 9). Attached to Plaintiff's memorandum are several exhibits including: (1) a "Certificate of Indebtedness," which sets forth the loan disbursement amount, the principal balance, and the accrued interest as of June 26, 2018, and is signed by Christopher Bolander, a Loan Analyst with the Borrower Services – Collection Group within the Department of Education's Federal Student Aid division (ECF No. 9-2); and (2) a sworn declaration, dated June 13, 2018, from Mr. Bolander which outlines his job responsibilities and chronicles the history associated with the loan to include Defendant's borrowing history and the amount outstanding. (ECF No. 9-3). According to the Plaintiff, the total debt owed by the Defendant, as of the time of its filing, had increased to $43,333.43, which includes principal in the amount of $28,998.26 and interest in the amount of $14,335.17. (ECF No. 9-2). The certificate of service for the motion reflects that Plaintiff mailed a copy of the motion to Defendant on July 5, 2018 to the same address that is listed on her application. (ECF Nos. 1, 9). To date, Defendant has yet to file any responsive pleading.

## II. Standard of Review

### A. **Default Judgment**

The Fourth Circuit has repeatedly expressed a "strong policy that cases be decided on the merits." *See, e.g.*, *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

Rule 55 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") governs entries of default and default judgments. The Rule states that "[w]hen a party . . . has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005); *see also Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (holding that entry of default judgment was proper because defendant had been properly served with a complaint and did not respond, even after plaintiffs tried repeatedly to contact him).

In considering a motion for default judgment, a district court generally engages in a two-step process. First, a court accepts as true the well-pleaded factual allegations in a complaint, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6). The entry of default, however, "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A district court must "determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Id.*

Second, if a court finds that the moving party has established liability, then it must make an independent determination of damages. *Ryan*, 253 F.3d at 780-81. Although the Court may conduct an evidentiary hearing to determine damages, it is not required to do so. *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D.Md. 2010) (citing *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D.VA 2009). Rather, a district court must rely on affidavits or documentary evidence of record to determine the appropriate sum. *See Monge*, 751 F. Supp. 2d at 795 (citing cases in which damages were

awarded after a default judgment and without a hearing, based on affidavits, printouts, invoices, or other documentary evidence).

    B. **Summary Judgment**

Pursuant to Rule 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In assessing whether the moving party has met its burden, "the court must assess the documentary materials submitted by the parties in light most favorable to the nonmoving party." *Anderson,* 477 U.S. at 247 (citing *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985)); *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**III.    Discussion**

In this case, I relied upon the declaration, certificate of indebtedness, and other evidence within the record to make my recommendations. I find that Defendant Casandra Elliott has defaulted and is liable for the debt owed. In the instant case, Plaintiff served Defendant with the Complaint on December 18, 2017. Defendant's Answer to the Complaint was due 21 days following it being served, or on January 8, 2018. To date, Ms. Elliott has not filed an Answer or otherwise defended against the action. Accordingly, I respectfully recommend that the Court grant Plaintiff's motion for default judgment.

With respect to summary judgment, the government seeks to recover on a promissory note. Thus, it has the obligation to establish: "(1) the defendant signed [the note], (2) the government is the present owner or holder [of the note], and (3) the note is in default." *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *HICA Ed. Loan Co. v. Assadi*, Civ. No. WMN-12-216, 2012 WL 3156828, at *2 n.1 (D.Md. 2012).

I find that the record clearly demonstrates that Defendant signed the Application and Promissory Note on December 21, 2000, thereby acknowledging her promise to repay the consolidation loan. In addition, all of Plaintiff's exhibits establish that Plaintiff is the owner/holder of the promissory note, and that Defendant has made no repayments, resulting in the loan being in default since July 16, 2013. Based on this unrefuted evidence I conclude that no genuine dispute of material fact exists that there is a debt and an amount owed to Plaintiff. Plaintiff has established that it can recover on the promissory note. I will next address damages.

In moving to the second prong of the default judgement analysis, Fed.R.Civ.P. 54(c) limits the amount of damages that may be entered for the moving party to that which was demanded in the pleadings. I find that Plaintiff's Complaint is well-pled, and its damages amount is supported by the Certificate of Indebtedness and a sworn Declaration from Christopher Bolander (the "Declaration"), a loan analyst with the Borrower Services – Collection Group at the U.S. Department of Education's San Francisco Regional Office. The Declaration provides that the amount claimed is based on the records within the Department of Education's database and that the records are kept in the normal course of business. Cumulatively, the documents reflect a January 25, 2001 disbursement of $17,557.01; a total of $11,421.25 in unpaid interest that was added to the principal balance, resulting in a total of $28,998.26; and that interest in the amount of $14,335.17 has accrued, as of June 26, 2018. (ECF Nos. 9-2, 9-3, p. 12). In sum, Plaintiff's supporting documentation establishes an outstanding balance of $43,333.43. Plaintiff's evidence before the Court has not been contradicted. *See Pentech Fin. Servs., Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (concluding no evidentiary hearing on damages needed based on moving party's affidavit and printout submissions establishing amount of damages sought).

Finally, Plaintiff has requested prejudgment interest of $6.35 per day from June 26, 2018 until judgment is entered, and post-judgment interest at the legal rate. Here, Plaintiff's uncontradicted documentation reflects that $6.35 in interest accrues each day on the outstanding principal balance. Thus, I find that Plaintiff is entitled to prejudgment interest in the amount of $6.35.

With respect to post-judgment interest, although Plaintiff asserts that it is entitled to this type of interest, it has not cited to any specific statutory language or case law to support its argument. I, however, believe that 28 U.S.C. § 1961 applies, which states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The Supreme Court has explained previously that "'the purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between ascertainment of the damage and the payment by the defendant.'" *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990) (quoting *Poleto v. Consolidated Rail Corp.*, 826 F.2d 1270, 1280 (3d Cir. 1987)). Here, because the instant matter is a civil action where Plaintiff has been successful in obtaining a money judgment, post-judgment interest, at the legal rate, is accruable on the judgment once it is entered. *See* 28 U.S.C. § 1961.[2]

## IV. Conclusion

In sum, I respectfully recommend that the Court:

(1) **GRANT** Plaintiff's Motion for Default Judgment and Summary Judgment against Defendant Casandra Elliott (ECF No. 9);

---

[2] The legal rate is "calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week proceeding[] the date of judgment." 28 U.S.C. § 1961.

(2) Enter judgment in favor of the United States of America in the amount of $43,333.43, plus prejudgment interest at the rate of $6.35 per day from June 26, 2018, and post-judgment interest at the legal rate.

November 29, 2018                                              /s/
                                                   The Honorable Gina L. Simms
                                                   United States Magistrate Judge